**Albert CHRYSTIAWAN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,\* Respondent.**

**No. 07–2916–ag.**

United States Court of Appeals, Second Circuit.

Feb. 21, 2008.

---

\* Pursuant to Federal Rule of Appellate Proce-

dure 43(c)(2), Attorney General Michael B.

Gregory Marotta, Law Office of Gregory Marotta, Vernon, NJ, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Blair T. O'Connor, Senior Litigation Counsel; Samia Naseem, Law Clerk, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Albert Chrystiawan, a native and citizen of Indonesia, seeks review of a June 11, 2007 order of the BIA affirming the November 7, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying his application for asylum and withholding of removal. *In re Albert Chrystiawan,* No. A79 495 917 (B.I.A. Jun. 11, 2007), *aff'g* No. A79 495 917 (Immig. Ct. N.Y. City Nov. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We conclude that the agency's adverse credibility determination is supported by substantial evidence. The IJ observed in his decision that Chrystiawan's "testimony

respondent in this case.

[wa]s inconsistent with information contained in his written application for relief." Indeed, while Chrystiawan stated in his affidavit in support of his asylum application that he "reported the [first] incident [of persecution] to the police, but police didn't pay any attention at all," he testified that the police took a report and that he did not know if they had pursued the perpetrators. The IJ gave Chrystiawan the opportunity to explain the inconsistency, see Ming Shi Xue v. BIA, 439 F.3d 111, 125 (2d Cir.2006), but chose not to credit his explanation that the report was just a "formality." See Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir.2005).

Additionally, the IJ considered evidence that Chrystiawan's application was prepared by individuals involved in an immigration fraud ring, and found a "stunning similarity, nearly verbatim," between the fraudulent information noted in the Government's exhibit and Chrystiawan's own narrative. Moreover, the IJ expressed his concern "that one of the co-conspirators referenced in the Service's exhibit, one Johnson Aliffin, is named as a translator for several of [Chrystiawan]'s exhibits." When the IJ questioned Chrystiawan about the appearance of the indicted translator's name on the certificate of translation for his birth certificate, Chrystiawan could not provide an explanation. On this basis, the IJ concluded that "the circumstantial evidence presented by the Government in this case is simply overwhelming" to the effect that Chrystiawan's application was fraudulent. While Chrystiawan argues that the IJ's conclusion was based on "inferential leaps" not "tethered to the evidentiary record," the IJ's finding was based on the record developed by the Government during the November 2005 merits hearing. Siewe v. Gonzales, 480 F.3d 160, 169 (2d Cir.2007). Moreover, these issues are not "minor," as argued by Chrystiawan in his brief to this Court, rather they are

material, because a potentially fraudulent birth certificate casts doubt on Chrystiawan's identity. See Borovikova v. United States Dep't of Justice, 435 F.3d 151, 158 (2d Cir.2006) (holding the failure to establish identity alone is sufficient grounds to deny asylum-related relief); Siewe, 480 F.3d at 170 (relying on the maxim to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity").

Together, the inconsistencies identified by the IJ and the circumstantial evidence that Chrystiawan's application was fraudulent provided substantial evidence in support of the IJ's adverse credibility determination. And because Chrystiawan bases his claim for withholding of removal on the same factual predicate as his asylum claim, his withholding of removal claim necessarily fails. See Paul v. Gonzales, 444 F.3d 148, 157 (2d Cir.2006).

In his brief to this Court, Chrystiawan argues for the first time that he was denied due process when the IJ admitted a prejudicial affidavit into evidence on the day of the hearing. While we have noted that "the BIA does not have jurisdiction to adjudicate constitutional issues," United States v. Gonzalez–Roque, 301 F.3d 39, 48 (2d Cir.2002) (internal quotation marks omitted), the BIA can adjudicate underlying issues concerning fairness of process and statutory interpretation. Theodoropoulos v. INS, 358 F.3d 162, 172 (2d Cir. 2004). So long as the BIA can provide the possibility of relief, the petitioner must exhaust the issue. Id. at 172–73. Here, Chrystiawan failed to exhaust his claim that the IJ should have continued the hearing to permit him time to adequately respond to the Government's allegation of fraud and we decline to address this argument in the first instance. Id.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.